# APPEALS OF PURITY OATS CO. AND PURITY OATS CO. OF DAVENPORT.

Docket Nos. 4364, 4365. Decided July 30, 1926.

Taxpayers were corporations organized and doing business in the State of Iowa during the year 1918 and until July 1, 1919, when their assets were sold and they subsequently dissolved during the year 1919. They sustained net losses in 1919. *Held*, that the net losses for so much of the year 1919 as expired prior to the dissolution were allowable as deductions from net income for 1918.

*Eliot C. Lovett, Esq.*, and *Dwight P. Green, Esq.*, for the petitioners.

*P. S. Crewe, Esq.*, for the Commissioner.

Before JAMES,[1] SMITH, LITTLETON, and TRUSSELL.

## FINDINGS OF FACT.

The Purity Oats Co., during the taxable year, was an Iowa corporation with its principal office at Keokuk, and the Purity Oats Co. of Davenport was also an Iowa corporation with its principal office at Davenport. On July 1, 1919, the American Hominy Co., a New Jersey corporation, purchased all the assets of the said corporations, subject to their liabilities.

The American Hominy Co. was adjudged a bankrupt by the United States District Court for the Northern District of Illinois, Eastern Division, on January 4, 1924, and the Chicago Title & Trust Co. was appointed trustee in bankruptcy for the American Hominy Co. and ever since has acted and now is acting as such trustee.

On July 1, 1919, said Purity Oats Co. and said Purity Oats Co. of Davenport, respectively, transferred all their assets to the American Hominy Co. and themselves legally dissolved prior to December 31, 1919.

For the period from January 1, 1919, to June 30, 1919, said Purity Oats Co. sustained a net loss of $29,629.79, and said Purity Oats Co. of Davenport sustained a net loss of $96,114.52.

## OPINION.

LITTLETON: The taxpayers claim to be entitled to the deduction of the net losses as above set forth. The Commissioner denied the claim

---

[1] This decision was prepared during Mr. James' term of office.

upon the ground that the taxpayers were not in existence for the full year 1919.

The situation presented by these appeals is comparable with that in the *Appeal of Patapsco Ballast Co.*, 1 B. T. A. 1081. The only difference between the two cases consists of the fact that these taxpayers had an entire year 1918 and a fractional year 1919, whereas, in the *Patapsco* case, both years were fractional. We are of the opinion that the decision of the question involved in these appeals is governed by the rule of the *Patapsco* case, and that these taxpayers are entitled to deduct the net losses sustained in the year 1919 from the net income for the year 1918.

> *Judgment for the petitioners. Order of re-determination will be entered on 15 days' notice, under Rule 50.*